1   Robert Tauler, Esq. (SBN 241964)
    robert@taulersmith.com
2   Matthew J. Smith, Esq. (SBN 240353)
    matthew@taulersmith.com
3   TAULER SMITH LLP
    626 Wilshire Boulevard, Suite 550
4   Los Angeles, California 90017
    Tel: (213) 927-9270
5

6   *Attorneys for Plaintiff*
    *Anne Heiting*

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  ANNE HEITING, an individually and on      Case No.
    behalf of all others similarly situated,
12                                            **CLASS ACTION COMPLAINT FOR:**
                      Plaintiff,
13                                            **VIOLATIONS OF CALIFORNIA**
           vs.                                **TRAP AND TRACE LAW (CAL.**
14                                            **PENAL CODE § 638.51)**
    MELISSA & DOUG, LLC, a Connecticut
15  limited liability company; and DOES 1
    through 25, inclusive,
16
                      Defendants.
17

18

19

20

21

22

23

24

25

26

27

28
                              COMPLAINT

**JURISDICTION**

1.　　This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because the total matter in controversy exceeds $5,000,000 and there are over 100 members of the proposed class.  Further, at least one member of the proposed class is a citizen of a State within the United States and at least one defendant is the citizen or subject of a foreign state.

2.　　This Court has personal jurisdiction over Defendant because, on information and belief, Defendant has purposefully directed its activities to the Central District of California by regularly tracking individuals in California through its website. Defendant's illegal conduct is directed at and harms California residents, including Plaintiff, and if not for Defendant's contact with the forum, Plaintiff would not have suffered harm.

3.　　Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 because Defendant (1) is authorized to conduct business in this District and has intentionally availed itself of the laws and markets within this District; (2) does substantial business within this District; (3) is subject to personal jurisdiction in this District because it has availed itself of the laws and markets within this District; and the injury to Plaintiff occurred within this District.

**PARTIES**

4.　　Plaintiff Anne Heiting ("Plaintiff") is a citizen of California residing within the Central District of California.

5.　　Melissa & Doug, LLC ("Defendant") is a Connecticut limited liability company that owns, operates, and/or controls www.melissaanddoug.com.

6.　　The above-named Defendant, along with its affiliates and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 25, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.     Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants, and that each of the acts and/or omissions complained of herein was ratified by each of the other Defendants.

## FACTUAL ALLEGATIONS

8.     Defendant is a retail company that sells toys, puzzles, and arts and crafts materials for children. Defendant operates the website www.melissaanddoug.com. Defendant has installed on its Website software created by TikTok in order to identify website visitors. (the "TikTok Software").   The TikTok Software acts by via a process known as "fingerprinting."  Put simply, the TikTok Software collects as much data as it can about an otherwise anonymous visitor to the Website and matches it with existing data TikTok has acquired and accumulated about hundreds of millions of Americans.

9.     The TikTok Software acts via a process known as "fingerprinting."  Put simply, the TikTok Software collects as much data as it can about an otherwise anonymous visitor to the Website and matches it with existing data TikTok has acquired and accumulated about hundreds of millions of Americans.

10.     The TikTok Software gathers device and browser information, geographic information, referral tracking, and url tracking by running code or "scripts" on the Website to send user details to TikTok.

11.     The TikTok Software begins to collect information the moment a user lands on the Website.  Thus, even though the Website has a "cookie banner" the information has already been sent to TikTok regarding the user's visit.

12.     The TikTok Software runs on virtually every page of Defendant's website, sending to TikTok images of website user's interest in Defendant's products. An image of the code, as it appears side by side (and simultaneously) with the TikTok tracking code Defendant has placed on the page, can be seen here:



13.     The TikTok Software is deployed automatically when a user lands on Defendant's website, as can be seen from the screenshot below, which shows the network activity of electronic impulses being sent to TikTok from defendant's website the moment a user lands on the site.



COMPLAINT
3

14.     Thus, there is no way for website visitors to be informed (let alone consent) to the tracking of their web activity by TikTok since it happens automatically.  The TikTok Software gathers device and browser information, geographic information, referral tracking, and url tracking.   The TikTok Software also requests, validates, and transmits other identifying information, including website visitors phone numbers and email addresses.

15.     Data captured by the TikTok Software is sent to TikTok's servers so that TikTok can reconstruct the user's identity. As part of this arrangement, Defendant has the ability to use some of the data to run an advertising campaign on TikTok to promote financial services.  TikTok, however, has complete access to data stored on its servers.

16.     The objective for TikTok is to gather as much information about Americans as they can, by any means necessary.  In this regard, TikTok has recently been identified as "a platform for surveillance"1 by the director of the NSA.

17.     California Penal Code § 638.50(c). California law defines a "trap and trace device" as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication."   California Penal Code § 638.50(c).

18.     The TikTok Software is a process to identify the source of electronic communication by capturing incoming electronic impulses and identifying dialing, routing, addressing, and signaling information generated by users, who are never informed that the website is collaborating with the Chinese government to obtain their phone number and other identifying information.

19.     The TikTok Software is "reasonably likely" to identify the source of incoming electronic impulses.  It is designed solely to meet this objective.

20.     Defendant did not obtain Class Members' express or implied consent to be subjected to data sharing with TikTok for the purposes of fingerprinting and de-anonymization.

---

[1] https://www.defense.gov/News/News-Stories/Article/Article/3354874/leaders-say-tiktok-is-potential-cybersecurity-risk-to-us/

**CLASS ALLEGATIONS**

21.     Plaintiff brings this action individually and on behalf of all others similarly situated in a (the "Class") defined as follows:

> **(a) All persons within California who within the statute of limitations period whose chats were transcribed by third parties; and/or**
>
> **(b) All persons within California who within the statute of limitations period whose identifying information was sent to TikTok.**

22.     <u>NUMEROSITY</u>: Plaintiff does not know the number of Class Members but believes the number to be well into the thousands. The exact identities of Class Members may be ascertained by the records maintained by Defendant.

23.     <u>COMMONALITY</u>: Common questions of fact and law exist as to all Class Members, and predominate over any questions affecting only individual members of the Class. Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

> a.   Whether Defendant caused electronic communications from Class Members with the website to be recorded, intercepted, and/or monitored;
>
> b.   Whether Defendant aided and abetted a third-party in eavesdropping on such communications;
>
> c.   Whether Defendant installed the TikTok Software on the Website;
>
> d.   Whether the TikTok Software is a trap and trace process as defined by law;
>
> e.   Whether Plaintiff and Class Members are entitled to statutory penalties; and
>
> f.   Whether Class Members are entitled to injunctive relief.
>
> g.   Whether Class Members are entitled to disgorgement of data obtained unlawfully.

24.     <u>TYPICALITY</u>: As a person who visited Defendant's Website and whose electronic communication was subjected to a trap and trace process on Defendant's Website, they are typical of the Class.

25.     ADEQUACY: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation. All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

26.     SUPERIORITY: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

**FIRST CAUSE OF ACTION**

**Violations of California Trap and Trace Law**

**Cal. Penal Code § 638.51**

27.     Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

28.     California Penal Code §638.51 (the "California Trap and Trace Law") provides that "a person may not install or use…a trap and trace device without first obtaining a court order…" § 638.51(a).

29.     A "trap and trace device" as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication."   California Penal Code § 638.50(c).

30.     Defendant uses a trap and trace process on its Website by deploying the TikTok Software on its Website, because the software is designed to capture the phone number, email, routing, addressing and other signaling information of website visitors. As such, the TikTok Software is designed precisely to identify the source of the incoming electronic and wire communications to the Website.   Defendant did not obtain consent from Plaintiff or any of the class members before using trap and trace technology to identify users of its Website, and has violated Section 638.51.

COMPLAINT
6

31.     CIPA imposes civil liability and statutory penalties for violations of §638.51. California Penal Code § 637.2; see also, *Greenley v. Kochava*, 2023 WL 4833466, at *15-*16 (S.D. Cal. July 27, 2023).

### **PRAYER**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1.     An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class counsel;

2.     An order enjoining Defendant's conduct as alleged herein and ordering disgorgement of data acquired by the TikTok Software;

3.     Statutory damages pursuant to CIPA;

4.     Punitive damages;

5.     Reasonable attorneys' fees and costs; and

6.     All other relief that would be just and proper, as determined by the Court.

DATED: May 3, 2024                          TAULER SMITH LLP


                                            By:   */s/ Robert Tauler*
                                                  Robert Tauler, Esq.
                                                  *Attorneys for Plaintiff*
                                                  *Anne Heiting*

## **DEMAND FOR JURY TRIAL**

Plaintiff Anne Heiting hereby demands a trial by jury.


DATED: May 3, 2024                                    TAULER SMITH LLP


                                                   By:   */s/ Robert Tauler*
                                                         Robert Tauler, Esq.
                                                         *Attorneys for Plaintiff*
                                                         *Anne Heiting*